UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

BERNIECE NYARKO,                                                    Plaintiff

v.                                              Civil Action No. 3:25-cv-00186-RGJ

BULLITT COUNTY BOARD OF                                            Defendant
EDUCATION

* * * * *

## MEMORANDUM OPINION & ORDER

Defendant Bullitt County Board of Education ("Defendant") moves for partial dismissal of Plaintiff Berniece Nyarko's ("Nyarko") complaint. [DE 5]. Nyarko did not respond and the time to do so has passed. This matter is ripe. For the reasons below, Defendant's motion for partial dismissal [DE 5] is **GRANTED in part and DENIED in part**.

## I.        BACKGROUND

On March 12, 2025, Nyarko filed suit against Defendant in Bullitt County Circuit Court. [DE 1-1 at 10].  The complaint alleges that Nyarko was retaliated against for reporting that she was wrongly classified and paid as a social worker for work as a federal Title IX coordinator and discriminated against because of her sex and race. [DE 1-1 at 11-14].   Nyarko asserts violation of Title IX (Count 1), retaliation in violation of KRS 61.102 (Count 2), race and sex discrimination in violation of Title VII (Count 3), retaliation under Title VII (Count 4), violation of the Equal Pay Act (Count 5),[1] fraudulent misrepresentation (Count 6), and breach of contract (Count 7). [DE 1-1 at 11-17].  Nyarko does not plead exhaustion of administrative remedies under Title VII. [*Id.*].

---

[1] Nyarko's complaint does not specify whether the claim is under the Federal Equal Pay Act, 29 U.S.C. 206(d), Kentucky's Equal Pay Act, KRS 337.423, or both.

On April 3, 2025, Defendant removed the case to the Western District of Kentucky. [DE 1 at 1]. Defendant alleges federal question jurisdiction based on Nyarko's claims under Title IX, Title VII, and the Equal Pay Act. [DE 1-1 at 2].  The remaining state law claims were removed under supplemental jurisdiction, 28 U.S.C. § 1367(a). Defendant moves for partial dismissal of Counts 3, 4, and 6. [DE 5].

## II.    STANDARD

Federal Rule of Civil Procedure 12(b)(6) instructs that a court must dismiss a complaint if the complaint "fail[s] to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). To state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2).  When considering a motion to dismiss, courts must presume all factual allegations in the complaint to be true and make all reasonable inferences for the non-moving party.  *Total Benefits Plan. Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citation omitted).  "But the district court need not accept a bare assertion of legal conclusions." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citation omitted).  "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  "A complaint will be dismissed . . . if no law supports the claims

made, if the facts alleged are insufficient to state a claim, or if the face of the complaint presents an insurmountable bar to relief." *Southfield Educ. Ass'n v. Southfield Bd. of Educ.*, 570 F. App'x 485, 487 (6th Cir. 2014) (citing *Twombly*, 550 U.S. at 561–64).

Rule 12(d) provides that, if "matters outside the pleadings are presented and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." The court, however, "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein" without converting the motion to one for summary judgment. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

### III.     ANALYSIS

Defendant moves to dismiss Counts 3 and 4 for failure to exhaust administrative remedies and obtain a right to sue letter from the Equal Employment Opportunity Commission ("EEOC"). Defendant also moves to dismiss Count 6, fraudulent misrepresentation, on grounds of governmental immunity.

As an initial matter, Nyarko did not respond to the motion to dismiss and, as a result, the court could find Nyarko has abandoned Counts 3, 4, and 6. *See Bazinski v. JPMorgan Chase Bank, Nat'l Ass'n.*, 597 F. App'x 379, 380–81 (6th Cir. 2015) (per curiam); *Travelers Prop. Cas. Co. of Am. v. Dayton Freight Lines, Inc*., No. 5:22-CV-1550, 2023 WL 2500174, at *2 (N.D. Ohio Mar. 14, 2023) (finding plaintiff abandoned a claim when it failed to oppose a motion to dismiss that claim). However, the court finds it more appropriate to address Defendant's arguments.

### a.    Motion to Dismiss Title VII Claims in Counts 3 and 4

Before bringing a federal employment discrimination suit under Title VII an employee alleging discrimination in violation of the statute must first file an administrative charge with the EEOC within a certain time after the alleged wrongful act(s). *Younis v. Pinnacle Airlines, Inc*., 610 F.3d 359, 361 (6th Cir. 2010); 42 U.S.C. § 2000e–5(e)(1). The charge must be "sufficiently precise to identify the parties, and to describe generally the action or practices complained of." 29 C.F.R. § 1601.12(b). The EEOC will then investigate to determine whether there is "reasonable cause to believe that the charge is true." 42 U.S.C. § 2000e–5(b). If the EEOC finds that the charge has a reasonable basis, it will issue the employee a right-to-sue letter. 29 C.F.R. § 1601.28(b). After a right-to-sue letter is issued, an employee has certain time (90 days) to bring a federal action alleging a violation of Title VII. 42 U.S.C. § 2000e–5(f)(1).

Obtaining a right-to sue letter is not jurisdictional, but rather a "condition precedent" to filing a Title VII action, subject to equitable tolling and waiver. *Rivers v. Baberton Bd. of Educ.*, 143 F.3d 1029, 1031–32 (6th Cir. 1998) (citing *Zipes v. Trans World Airlines, Inc*., 455 U.S. 385 (1982)); *Puckett v. Tennessee Eastman Co*., 889 F.2d 1481, 1487 (6th Cir. 1989) ("every circuit presented with the issue has decided that the receipt of a right-to-sue letter prior to the filing of a Title VII action is not a jurisdictional prerequisite, but rather a precondition subject to equitable tolling and waiver"). If a plaintiff has not obtained notice of a right-to-sue before suing, Courts will generally dismiss Title VII claims. *See Mitchell v. Chapman*, 343 F.3d 811, 821 (6th Cir. 2003); *Brewer v. Cleveland Mun. Sch. Dist.*, 84 F. App'x 570, 571 (6th Cir. 2003) (affirming dismissal without prejudice for failure to obtain notice of right-to-sue). When a plaintiff obtains a right-to-sue letter after filing suit, dismissal is not warranted. *Portis v. State of Ohio*, 141 F.3d 632,

634 (6th Cir. 1998) (collecting cases, and allowing the subsequent receipt of the notice to cure the non-jurisdictional filing defect).

Defendant argues that Nyarko's claims in Counts 3 and 4 are barred for failure to exhaust her administrative remedies with the EEOC because she "did not file an administrative charge with the EEOC or state equivalent related to employment with the District; nor did she receive a right to sue letter." [DE 5 at 35].

While Nyarko's complaint is silent on the issue, and she has not responded to Defendant's motion a determination that she has not exhausted her administrative remedies would require the Court consider unverified matters outside the pleadings. Moreover, the "[f]ailure to exhaust administrative remedies . . . is an affirmative defense, and the defendant bears the burden of pleading and proving this failure." *Lockett v. Potter*, 259 F. App'x 784, 786 (6th Cir. 2008); *see also Bushong v. Del. City Sch. Dist.*, 851 F. App'x 541, 545 (6th Cir. 2021). Courts are "reluctant to dismiss complaints based on affirmative defenses at the pleading stage and before any discovery has been conducted." *Lockhart v. Holiday Inn Exp. Southwind*, 531 F. App'x 544, 547 (6th Cir. 2013) (citation omitted). Affirmative defenses on a Rule 12(b)(6) motion are only addressed "where 'the plaintiff's own allegations show that a defense exists that legally defeats the claim for relief.'" *Id.* (quoting *Marsh v. Genentech, Inc.*, 693 F.3d 546, 554–55 (6th Cir. 2012)). Here, Nyarko has neither pleaded allegations as to whether she exhausted administrative remedies, nor has she presented information regarding whether she has exhausted administrative remedies in response to Defendant's motion to dismiss. While dismissal for failure to exhaust may be appropriate in some circumstances, those are not present here. The court declines, given the procedural posture of the case, to convert Defendant's motion to summary judgment. Thus, the motion to dismiss as to Counts 3 and 4 is **DENIED**.

### b.  Motion to Dismiss Fraudulent Misrepresentation Claim in Count 6

Defendant argues it is immune under the doctrine of governmental immunity from Nyarko's fraudulent misrepresentation claim, a tort claim. [DE 5 at 35]. Specifically, Nyarko alleges that Defendant is a public school district organized under the laws of the Commonwealth of Kentucky. [DE 1-1 at 10]. "A local board of education is . . . agency of state government . . . entitled to governmental immunity . . ." *Yanero v. Davis*, 65 S.W.3d 510, 527 (Ky. 2001). Under Kentucky law, governmental immunity grants state actors a right not to participate in a suit. *Maggard v. Kinney*, 576 S.W.3d 559, 566 & n.8 (Ky. 2019) (collecting cases); *Breathitt Cnty. Bd. of Educ. v. Prater*, 292 S.W.3d 883, 886–87 (Ky. 2009).  Under Kentucky law, "[a] board of education is an agency of state government and is cloaked with governmental immunity; thus, it can only be sued in a judicial court for damages caused by its tortious performance of a proprietary function, but not its tortious performance of a governmental function, unless the General Assembly has waived its immunity by statute." *Prater*, 292 S.W.3d at 887. Even taking Nyarko's allegations as true and in a light most favorable to her, Nyarko's allegations of fraudulent misrepresentation arise out of Defendant's hiring, employing, and paying Nyarko, as well as Defendant's efforts to ensure its educational programs and activities comply with Title IX.  The Court is presented with no authority that the General Assembly has waived governmental immunity for local boards of education in this circumstance.  Accordingly, the motion to dismiss as to Count 6 is **GRANTED**.

### III.    CONCLUSION

For all the reasons above, and the Court being otherwise sufficiently advised, **IT IS ORDERED** as follows:

1.    Defendant's motion to dismiss [DE 5] is **GRANTED in part and DENIED in part as set forth above.**

6

2.      Count 6 of Plaintiff Nyarko's complaint is **DISMISSED.**

3.      The court will issue by separate order a referral to the Magistrate Judge for

a Rule 16 conference.


Rebecca Grady Jennings, District Judge

United States District Court

May 7, 2025